

**IT IS ORDERED as set forth below:**

**Date: March 31, 2020**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| LATIRA SHAYONICA BANKS | : | BANKRUPTCY CASE |
| | : | 13-77274-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| NEIL C. GORDON, Chapter 7 Trustee for | : | ADVERSARY PROCEEDING |
| the Estate of Latira Shayonica Banks, | : | NO. 19-05172-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., and | : | IN PROCEEDINGS UNDER |
| UNITED STATES DEPARTMENT OF | : | CHAPTER 7 OF THE |
| HOUSING AND URBAN | : | BANKRUPTCY CODE |
| DEVELOPMENT, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Before the Court is a *Motion to Dismiss Complaint and Memorandum of Law in*

*Support* (Doc. 13) (the "Motion") filed by Wells Fargo Bank, N.A. ("Wells Fargo"). The

Motion arises in connection with a complaint (Doc. 1) filed by Neil C. Gordon (the

"Plaintiff"), the Chapter 7 Trustee for the Estate of Latira Shayonica Banks for avoidance

of a post-petition transfer, damages arising from a violation of the automatic stay, and

damages arising from Georgia's RICO statute (the "Complaint"). The Court has subject

matter jurisdiction over the claims at issue in this proceeding. *See* 28 U.S.C. § 1334(b).[1]

## I.    Procedural History

Plaintiff initiated this adversary proceeding against Wells Fargo and the United

States Department of Housing and Urban Development ("HUD") by filing the Complaint

on April 8, 2019. On June 10, 2019, Wells Fargo filed the Motion seeking dismissal of

the Complaint. On July 24, 2019, Plaintiff filed a Response to the Motion (Doc. 18) (the

"Response"). On August 7, 2019, Wells Fargo filed a Reply to Plaintiff's Response (Doc.

20) (the "Reply"). On August 20, 2019, Plaintiff filed a Motion for Leave to File Sur-

Reply Brief (Doc. 22). Attached as Exhibit A to the Motion for Leave to File Sur-Reply

---

[1] Plaintiff's avoidance claims and the claim for damages arising from the alleged violation of the automatic stay are clearly core proceedings, while Plaintiff's RICO claim is, arguably, a non-core proceeding, over which this Court has subject matter jurisdiction because the claim is related to Debtor's bankruptcy case. *See* 28 U.S.C. § 1334(b); 28 U.S.C. § 157(b)(2)(A), (O); *see also Finger v. County of Sullivan Indus. Dev. Agency (In re Paramount Hotel Corp).*, 319 B.R. 350, 356 (Bankr. S.D.N.Y. 2005). In the event the RICO claim is a non-core proceeding, Plaintiff and Defendant have consented to the Court's entry of a final order as to the non-core proceeding. *See* Complaint, ¶ 3; *Perkins v. LVNV Funding, LLC (In re Perkins)*, 533 B.R. 242, 249 (Bankr. W.D. Mich. 2015) (finding implied consent where defendants, in "their Motion to Dismiss, . . . expressly request that this court enter an order dismissing the Complaint"); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1948-49, 191 L.Ed.2d 911 (2015).

Brief was a proposed Sur-Reply in Response to Wells Fargo's Reply (the "Sur-Reply"). On September 3, 2019, Wells Fargo filed a Response in Opposition to Plaintiff's Motion for Leave to File Sur-Reply Brief (Doc. 23). On January 10, 2020, the Court entered an Order granting the Motion for Leave to File Sur-Reply brief and deeming the Sur-Reply filed.

II.    <u>Introduction and Background</u>

Latria Shayonica Banks (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Doc. 1, Case No. 13-77274-LRC) on December 20, 2013 (the "Petition Date"). In her Bankruptcy Schedules, the Debtor listed a sole ownership interest in real property located at 456 Crested View Drive, Loganville, Georgia 30052 (the "Property"). The Debtor indicated that Wells Fargo held a first priority lien on the Property in the amount of $85,873. Additionally, through an amendment to her Schedules, the Debtor claimed a homestead exemption in the Property of $13,727 pursuant to O.C.G.A. § 44-13-100(a)(1).

After the Petition Date, the Debtor and Wells Fargo entered into a Loan Modification Agreement (Security Deed) (the "Loan Modification"). This Loan Modification, dated December 23, 2013, was executed on January 26, 2014, but was not recorded until August 18, 2014. Through the Loan Modification, the Debtor's pre-petition arrears on the mortgage owed to Wells Fargo were made subject to a junior Security Deed

of Trust (the "Junior Security Deed") in favor of HUD. This Junior Security Deed, also dated December 23, 2013, and executed on January 26, 2014, was recorded on June 3, 2014.

Based on his initial investigations, Plaintiff determined that the Property was worth $129,000. Further, an initial title report confirmed that Wells Fargo was the only lienholder on the Property, and the payoff statements from Wells Fargo indicated there was equity in the Property.[2] Accordingly, Plaintiff began efforts to sell the Property. This prompted a series of litigation between the Debtor and Plaintiff, which caused the bankruptcy estate to incur in excess of $30,000 in professional fees. After the resolution of this litigation with the Debtor, Plaintiff obtained an updated title report for the Property in April of 2018. Through this second title report, Plaintiff discovered the existence of the Loan Modification and Junior Security Deed (collectively referred to as the "Post-Petition Transactions"). After discovering the Post-Petition Transactions, Plaintiff realized that there was almost $15,000 less equity in the Property than he initially anticipated, due to Wells Fargo's pre-petition arrears being reallocated to HUD's junior note and deed. Had Wells Fargo disclosed its pre-petition arrears or the existence of the Post-Petition Transactions, Plaintiff would not have expended attorney's fees and other professional

---

[2] Plaintiff alleges in the complaint that he was provided a payoff statement prior to the March 1, 2018 mortgage payment being due which reflected that the payoff of Wells Fargo's mortgage was $82,845.63. *See* Complaint, Doc. 1 at ¶ 25. This payoff amount did not include the pre-petition arrears that had been reallocated to the Junior Security Deed in favor of HUD.

4

fees in an attempt to sell the Property.

Plaintiff contends that the execution and recordation of the Loan Modification Agreement and Junior Security Deed violated the automatic stay of 11 U.S.C. § 362(a)[3] and O.C.G.A. § 16-14-4(a) ("Georgia's RICO Statute"). Through the Complaint, Plaintiff alleges that these violations of the automatic stay and Georgia's RICO Statute caused the bankruptcy estate to incur the $30,000 in professional fees. Accordingly, the Complaint seeks recovery of actual damages and punitive damages, pursuant to § 362(k) and O.C.G.A. § 16-14-6(c). The Complaint also seeks avoidance of the Post-Petition Transactions pursuant to § 549, recovery of the Post-Petition Transactions pursuant to § 550, and preservation of the avoided Post-Petition Transactions pursuant to § 551.

Through the Motion, Wells Fargo seeks dismissal of Plaintiff's claim for violation of the automatic stay because Plaintiff (1) is not an "individual" entitled to recover damages under § 362(k); and (2) has failed to plead any facts that show any injury to the bankruptcy estate as a result of the Post-Petition Transactions. Additionally, Wells Fargo seeks dismissal of Plaintiff's claim for violation of Georgia's RICO Statute because (1) the claim arose post-petition and is therefore not property of the bankruptcy estate; (2) Plaintiff has failed to allege any acts of racketeering activity because the Complaint contains no facts to establish that Wells Fargo (a) received any property from the Debtor,

---

[3] All further references to § are to the Bankruptcy Code, title 11 of the United States Code unless otherwise noted.

or (b) had the requisite intent to defeat the provisions of the Bankruptcy Code; and (3) Plaintiff has failed to plead facts showing that any injuries were proximately caused by Wells Fargo's alleged violation of Georgia's RICO Statute.[4] Finally, Wells Fargo seeks dismissal of Plaintiff's claims for avoidance, preservation, and recovery of the Post-Petition Transactions because (1) Plaintiff's claim for avoidance under § 549 is time-barred; and (2) any avoidance of the Post-Petition Transactions would be futile, as it would return Wells Fargo to its secured status as of the Petition Date, which would include the pre-petition arrears that were reallocated to the Junior Security Deed.

### III.    Motion to Dismiss Standard

Wells Fargo seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court

---

[4] Wells Fargo also contends that the allegations in the Complaint regarding similar post-petition transactions entered into by Wells Fargo with a debtor in another bankruptcy case (*In re Unfakabba Ousmani Darmay*, Case No. 16-60015-LRC) cannot be used to show "a pattern of racketeering activity" as required by O.C.G.A. § 16-14-4(a) because Wells Fargo was released from any and all claims relating to the transactions in that case. However, the Court need not address this argument because, as explained herein, the Court has determined that Plaintiff's claim against Wells Fargo for violation of Georgia's RICO Statute should be dismissed on other grounds.

must draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v.* Twombly, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v.* White, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l* Ass's, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999).

IV.   Discussion

A.   Plaintiff's Claim for Violation of the Automatic Stay

Wells Fargo contends that Plaintiff's claim for damages under § 362(k) must be dismissed because Plaintiff is not an "individual." Section 362(k) states that: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." While the term "individual" is not defined in the Bankruptcy Code, many courts have held that § 362(k) remedies are not available to Chapter 7 trustees in their capacities as trustees of a debtor's bankruptcy estate. *See Gordon v. Taylor (In re Taylor)*, 430 B.R. 305, 314-15 (Bankr. N.D. Ga. 2010) ("In addition to [the Chapter 7] Trustee's lack of injury, recovery under § 362(h) [which is now located in § 362(k)] is limited to individuals… [w]hile a trustee can be an 'individual' if the trustee is a natural person (as opposed to, e.g., a corporate entity), the

7

individual's status as trustee precludes any finding that the trustee suffered any damages as an individual, because any harm suffered in the form of costs and attorney's fees is actually incurred by a thing, viz., the bankruptcy estate, and not by the trustee as a natural person." (quoting *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 192 (9th Cir. 1995)); *Gordon v. White (In re Morgenstern)*, 542 B.R. 650, 659 (Bankr. D.N.H. 2015) ("The Court agrees with the cases that apply the more narrow definition of individual, because a trustee represents the bankruptcy estate, not herself as an individual. Accordingly, the Court finds that the Trustee may not seek relief under § 362(k)."). Additionally, the Eleventh Circuit Court of Appeals, in agreeing with the narrow interpretation of the term "individual," has held that a corporate debtor "is not an 'individual' entitled to relief under 11 U.S.C. § 362(h) [now § 362(k)]." *Jove Eng'g Inc. v. IRS*, 92 F.3d 1539, 2560 (11th Cir. 1996).

In response, Plaintiff contends that he is entitled to recover damages for violations of the automatic stay under § 105(a), which states, in relevant part, that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." In support of this argument, Plaintiff cites cases which have held that the court may award a Chapter 7 trustee damages for violations of the automatic stay as sanctions pursuant to § 105(a). *See In re Taylor*, 430 B.R. at 316 ("Courts have found that otherwise ineligible parties under § 362(h) [now § 362(k)] may recover sanctions

8

under § 105. If the automatic stay provision is violated, courts may award damages under the separate statutory contempt power of § 105." (citing *Havelock*, 67 F.3d at 193)). Wells Fargo, in its Reply, contends that the United States Supreme Court case of *Law v. Siegel*, 571 U.S. 415 (2014), precludes the use of § 105(a) to award damages to a non-individual for violations of the automatic stay.

In *Law*, the Supreme Court held that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" and that a bankruptcy court "may not contravene specific statutory provisions" when exercising its statutory authority under § 105(a) or its inherent powers. *Law*, 571 U.S. at 421. In that case, a Chapter 7 debtor had fraudulently represented on his bankruptcy schedules that there was a lien on his property, which left no equity available for creditors. *Id.* at 419. This resulted in the Chapter 7 Trustee expending over $500,000 in attorney's fees to overcome the debtor's fraudulent misrepresentations. *Id.* at 420. Therefore, the bankruptcy court granted the Chapter 7 trustee's motion to surcharge the Debtor's $75,000 homestead exemption and make those funds available for the payment of the attorney's fees incurred on behalf of the estate. *Id.* However, the Supreme Court held that, in granting the surcharge motion, the bankruptcy court "contravened a specific provision of the [Bankruptcy] Code" because § 522(k) provides that exempt property "is not liable for payment of any administrative expense" except for specific exceptions listed in the

9

statute, which were not applicable in that case. *Id.* at 422.

Here, Wells Fargo contends that the Supreme Court's holding in *Law* prohibits Plaintiff from seeking damages for violations of the automatic stay under § 105(a) because § 362(k) states that only an "individual injured by any willful violation of a stay" may recover damages. Thus, Wells Fargo contends, an award of damages for a violation of the automatic stay under § 105(a) to a non-individual would "contravene" § 362(k) of the Bankruptcy Code.

At least one bankruptcy court directly facing this issue has concluded that the Supreme Court's holding in *Law* does not prohibit an award of damages to a Chapter 7 trustee under § 105(a) for willful violations of the automatic stay. *In re Arthur B. Adler and Associates, Ltd.*, 588 B.R. 864, 873-74 (Bankr. N.D. Ill. 2018) (concluding that *Law* "did not strip bankruptcy courts of their authority pursuant to 11 U.S.C. § 105(a)" but "merely requires a bankruptcy court to be mindful of the remedies it crafts to avoid contravening the Bankruptcy Code"). Additionally, numerous cases decided after *Law*, including a case from this district,[5] have held that non-individuals may recover damages for violations of the automatic stay under § 105(a). *See Unlimited Homes, Inc. v. Bank of*

---

[5] Wells Fargo cites an earlier case from this district which, after noting the Supreme Court's holding in *Law*, stated that "[s]ince [§] 362(k) makes clear that only injured individuals may pursue damages, allowing another entity to pursue damages for a stay violation effectively circumvents the limitation of [§] 362(k)." *Gebhardt v. McKeever (In re McKeever)*, 550 B.R. 623, 643 (Bankr. N.D. Ga. 2016) (Hagenau, C.J.). However, this language is dictum since *McKeever* ultimately concluded that "the estate [was] not the party injured by the Debtor's stay violation" and, thus, the Chapter 7 trustee in that case was not entitled to recover damages for the debtor's stay violation.

*New York Mellon (In re Unlimited Homes, Inc.)*, 2018 WL 1054095, at *3 (Bankr. N.D. Ga. Feb. 23, 2018) (Hagenau, C.J.) ("[A]ccording to well established Eleventh Circuit precedent, [p]laintiff cannot seek damages under [§] 362(k) since [p]laintiff is not an individual. Accordingly, the complaint will be dismissed to the extent it seeks monetary damages arising from alleged violations of the automatic stay under [§] 362(k). Plaintiff's claim for damages can, however, survive under [§] 105(a)." (citing *Jove*, 92 F.3d at 1554)); *In re Morgenstern*, 542 B.R. at 659 ("The Court's finding that the [t]rustee may not avail herself of § 362(k) does not affect the Court's decision in a practical way. The Court may sanction [the defendant] for violating the automatic stay under § 105."); *Barnard v. Town of Huntington (In re Joe's Friendly Serv. & Son, Inc.)*, 553 B.R. 207, 216 (Bankr. E.D.N.Y. 2016) ("Section 362(k) applies solely to individuals, and does not extend to entities like the [d]ebtors, which are a limited partnership and a corporation. For debtors other than individuals, their rights can be redressed through contempt proceedings or similar proceedings under § 105(a), Bankruptcy Rule 9020 and the Court's inherent authority to redress violations of the automatic stay." (citations omitted)); *In re Nicole Gas Production, Ltd.*, 519 B.R. 723, 737 (Bankr. S.D. Ohio 2014) ("Under § 105(a), the Court has the authority to use its civil contempt powers to compensate trustees for damages incurred as a result of violations of the automatic stay."); *Johnson v. Edwards Family Partnership, LP (In re Cmty. Home Fin. Servs., Inc.)*, 583 B.R. 1, 113 (Bankr.

11

S.D. Miss. 2018) ("Even assuming that only natural persons in their individual capacities have standing under § 362(k), this Court and others have awarded damages to trustees and corporate debtors for stay violations under § 105(a)."); *Wiscovitch-Rentas v. Liberty Mut. Ins. Co.* (*In re Fiddler Gonzalez & Rodriguez, P.S.C.*), 415 F. Supp. 3d 297, 302 (D.P.R. 2019) ("The [t]rustee's exclusion from [§] 362(k) does not end the matter, however, since the Court may independently punish violations of the automatic stay under [§] 105."); *Farrar v. Lee (In re Gold Strike Heights Homeowners Ass'n)*, 2017 WL 1457940, at *2 (B.A.P. 9th Cir. Apr. 24, 2017) ("Chapter 7 trustees, as representatives of bankruptcy estates, however, are excluded from § 362(k). Instead, they must rely on 'the civil contempt remedy provided by § 105(a)." (citations omitted)).

Accordingly, the Court does not agree with Wells Fargo's contention that *Law* precludes an award of damages to Plaintiff for violations of the automatic stay under § 105(a). *Law's* direct holding is that a bankruptcy court cannot use § 105(a) to "contravene specific statutory provisions" of the Bankruptcy Code—that is, a bankruptcy court cannot "take[] [an] action that the [Bankruptcy] Code prohibits." *Law* 571 U.S. at 421. In that case, the Supreme Court found that a bankruptcy court's order surcharging a debtor's homestead exemptions to pay for professional fees incurred by the bankruptcy estate "contravened" the Bankruptcy Code because § 522(k) provides that exempt property "is

not liable for payment of any administrative expense."[6] *Id.* at 422. Here, § 362(k) provides that "an individual injured by any willful violation of the automatic stay… shall recover actual damages" and this Court has held that a Chapter 7 trustee is not an "individual" for purposes of this statute. *In re Taylor*, 430 B.R. at 315 (noting the Eleventh Circuit's narrow interpretation of the term "individual" in *Jove*, 92 F.3d at 1551). However, there is no provision in the Bankruptcy Code which "prohibits" an award of damages to non-individuals for violations of the automatic stay. Accordingly, the Court concludes that the holding in *Law* does not prohibit an award of damages to Plaintiff for willful violations of the automatic stay.

Moreover, the Eleventh Circuit Court of Appeals has held that bankruptcy courts may award monetary damages for violations of the automatic stay to non-individuals under § 105(a). *See Jove*, 92 F.3d. at 1554 ("[W]e conclude [that] § 105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry out the provisions of the Bankruptcy Code." "[T]he plain meaning of § 105(a) encompasses *any* type of order, whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code. We must construe §

---

[6] Section 522(k) does provide specific exceptions to this general rule that exempt property is not liable for administrative expenses, but those exceptions were not applicable in *Law*. *See* 11 U.S.C. § 522(k); *Law*, 571 U.S. at 422.

13

105(a) by this plain meaning unless such construction presents 'the rare case [] in which literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters.'" (emphasis in original) (citations omitted)). While it is possible that *Law* may call into question the Eleventh Circuit's holding in *Jove*, "absent further direction from the Supreme Court or the Eleventh Circuit, the [C]ourt will" continue to permit an award of damages to non-individuals under § 105(a) where "necessary or appropriate" pursuant to *Jove* which is still "current Eleventh Circuit law." *Schlotter v. Walsh*, 2005 WL 1051183, *2 (M.D. Fla. 2005) (noting that *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) "calls into question the validity of imposing a heightened pleading standard in any § 1983 case," but continuing to "apply the heightened standard where appropriate under current Eleventh Circuit law" "absent further direction from the Supreme Court or the Eleventh Circuit.")

Therefore, while Plaintiff is not an "individual" for purposes of § 362(k), *see In re Taylor*, 430 B.R. at 315, Plaintiff may nonetheless seek recovery of damages for violations of the automatic stay pursuant to the Court's statutory contempt powers under § 105(a). *See Jove*, 92 F.3d. at 1554.

Additionally, Wells Fargo contends that Plaintiff's claim for damages for an alleged violation of the automatic stay must be dismissed because "the Complaint is devoid of any allegation by [Plaintiff] that the bankruptcy estate suffered any injury as a

result of the Loan Modification Agreement [] or the [Junior Security Deed]." As noted above, § 105(a) authorizes bankruptcy courts to "use its civil contempt powers to compensate [Chapter 7] trustees for damages incurred *as a result of* violations of the automatic stay." *In re Nicole Gas Production*, 519 B.R. at 737 (emphasis added) (citing *Havelock*, 67 F.3d at 193). Thus, for Plaintiff to be entitled to damages for Wells Fargo's alleged stay violation, he must show that his damages were "a result of" the stay violation—that is, Plaintiff must show causation.

> Through the Complaint, Plaintiff alleges that:
>
> If Wells Fargo had disclosed its arrears to [Plaintiff] or the existence of the [Post-Petition Transactions], [Plaintiff] would have had knowledge that the equity in the Property was almost $15,000 less than the anticipated equity amount, and [Plaintiff] would have abandoned the Property and not expended attorneys' fees and other professional fees to seek to sell the Property.

*See* Complaint at ¶ 32. Accordingly, Plaintiff has alleged that if Wells Fargo did not enter into the Loan Modification with the Debtor post-petition (which Plaintiff alleges was a violation of the automatic stay), Plaintiff would not have incurred the $30,000 of professional fees on behalf of the estate in an effort to sell the Property. While this causal link may prove to be too remote to establish proximate cause,[7] the Court finds that the

---

[7] *See Sciortino v. Gwinnet County Dept. of Water Res. (In re Sciortino)*, 561 B.R. 569, 578 (Bankr. S.D. Ga. 2016) (stating that in order to recover damages for a violation of the automatic stay, "the injury alleged must have been proximately caused by the stay violation.");*see also U.S. Commodity Futures Trading Comm'n v. Southern Trust Metals, Inc.*, 894 F.3d 1313, 1333 (11th Cir. 2018) ("The basic question that a proximate cause requirement presents is 'whether the harm alleged has a sufficiently close connection to the conduct' at issue." (quoting *Roberts v. U.S.*,

Complaint sufficiently alleges a but-for cause of the Plaintiff's alleged damages—that is, but for Wells Fargo's entering into the Post-Petition Transactions, which reallocated pre-petition arrears owed to Wells Fargo to the Junior Security Deed, Plaintiff would not have incurred the professional fees on behalf of the bankruptcy estate because the payoff amounts provided by Wells Fargo to Plaintiff would have included the pre-petition arrears, thereby revealing the lack of equity in the Property. Further, because "the question of proximate cause necessarily involves an inquiry into the facts, the Court declines to resolve it on a motion to dismiss." *Williams v. Taser Int'l, Inc.*, 2006 WL 8433374, at *8 (N.D. Ga. Oct. 10, 2006)

For these reasons, the Court finds that the portion of the Motion seeking dismissal of Plaintiff's claim for damages for Wells Fargo's alleged violation of the automatic stay should be denied. While Plaintiff is not an "individual" for purposes of § 362(k), he may, nonetheless, recover damages for willful violations of the automatic stay under § 105(a), and the Court will consider Plaintiff's claim as a claim for sanctions pursuant to § 105(a).

### B. Plaintiff's Claim for Violation of Georgia's RICO Statute

Wells Fargo contends that Plaintiff's claim for violation of Georgia's RICO Statute must be dismissed because, among other reasons, the Complaint alleges no facts which establish that Wells Fargo received any property of the Debtor, thereby precluding a

---

572 U.S. 639, 645 (2014)).

16

finding that Wells Fargo has engaged in a pattern of racketeering activity as required by O.C.G.A. § 16-14-4(a).[8]

O.C.G.A. § 16-14-6 provides that "[a]ny person who is injured by reason of any violation of Code Section 16-14-4 shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages." O.C.G.A. § 16-14-4(a) makes it unlawful "for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." The phrase "pattern of racketeering activity" is defined by Georgia's RICO Statute as "[e]ngaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions" that are in some way connected. O.C.G.A. § 16-14-3(4)(A). Additionally, the phrase "racketeering activity" is defined by Georgia's RICO Statute to mean, among other things, "any conduct defined as 'racketeering activity' under 18 U.S.C. Section 1961(1)." O.C.G.A. § 16-14-3(5)(C). Pursuant to 18 U.S.C. § 1961(1)(D), racketeering activity means, among other things, "any offence involving fraud connected with a case under title 11." Finally, 18 U.S.C. § 152(5) makes it a crime to "knowingly and fraudulently receive[] any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11."

---

[8] As explained herein, the Court agrees with this contention by Wells Fargo. As a result, the Court declines to address the other reasons to dismiss Plaintiff's claim for violation of Georgia's RICO Statute raised in the Motion.

Through the Complaint, Plaintiff alleges that Wells Fargo "committed multiple violations of 18 U.S.C. § 152(5)" "by virtue of the Post-Petition Transactions undertaken… in this case" and for similar transactions undertaken by Wells Fargo in another bankruptcy case. To establish a violation of 18 U.S.C. § 152(5), Plaintiff must show the following elements: (1) receipt of material amount of property; (2) from a debtor; (3) after the filing of a bankruptcy case; (4) which receipt is done knowingly and fraudulently with the intent to defeat the provisions of title 11. COLLIER ON BANKRUPTCY ¶ 7.02[5][a] (16th ed. 2019). Wells Fargo contends that Plaintiff has failed to show that it has received property from the Debtor because the Post-Petition Transactions reallocated pre-petition arrears owed by the Debtor to Wells Fargo and made them the subject of the Junior Security Deed in favor of HUD pursuant to HUD's partial claim program. Thus, Wells Fargo contends, the amount of the secured debt did not change as a result of the Post-Petition Transactions, only the identity of the party to whom the debt is owed. Wells Fargo further contends that this situation is akin to a post-petition assignment of a mortgage, which the Eleventh Circuit Court of Appeals has held does "not involve [a] transfer of any property belonging to the debtor or to the debtor's estate." *Kapila v. Atl. Mortg. & Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999).

In its Response, Plaintiff contends that Wells Fargo did receive property of the Debtor because the Post-Petition Transactions "resulted in the creation of a new secret

lien in clear violation of the automatic stay." However, it was HUD, and not Wells Fargo, that received a lien from the Debtor on the Property as a result of the Post-Petition Transactions. Wells Fargo, on the other hand, only received an executed Loan Modification agreement that did not convey any property as security for any obligation.[9] Instead, the Loan Modification merely modified the terms of Wells Fargo's already existing mortgage on the Property.[10] Further, because the Complaint does not allege that Wells Fargo received any consideration from the Debtor as a result of the Loan Modification Agreement, the Court finds that the Complaint does not allege any facts to establish that Wells Fargo has "receive[d] any material amount of property from [D]ebtor after the filing" of her bankruptcy case. Accordingly, the Court finds that the Complaint fails to state a claim for damages under O.C.G.A. § 16-14-6(c) for a violation of O.C.G.A. § 16-14-4 for acquiring property "through a pattern of racketeering activity." Thus, the Court finds that Plaintiff's claim against Wells Fargo for violation of Georgia's RICO

---

[9] Moreover, the Property could not have been conveyed as collateral to Wells Fargo for any obligation under the Loan Modification, because the Debtor had already, before filing bankruptcy, conveyed the Property through a security deed as collateral for the loan owed to Wells Fargo. *See* Complaint at ¶ 27.

[10] Although the Loan Modification agreement has the phrase security deed in its title, the document does not convey any property as collateral for any obligation. Instead, the Loan Modification modifies an existing security deed and note to reduce the unpaid principal balance and change the interest rate. *See* Loan Modification, Doc. 13-1 at 3-4. While Rule 12(d) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, requires motions to dismiss to "be treated as one for summary judgment" if "matters outside the pleadings are presented," the Court "may consider documents outside of the Complaint without converting the motion to one for summary judgment if the 'attached document is (1) central to plaintiff's claim and (2) undisputed.'" *In re Bay Circle Properties, LLC*, 593 B.R. 14, 21 (Bankr. N.D. Ga. 2018) (quoting *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). Here, the Court finds that the Loan Modification, which is referred to in the Complaint by specific quotes from the document, is central to the Plaintiff's claims and is undisputed. Thus, the Court may consider the Loan Modification without converting the Motion to one for summary judgment.

Statute should be dismissed.

### C. Plaintiff's Claim for Avoidance of the Post-Petition Transactions

Wells Fargo contends that Plaintiff's claims for avoidance, preservation and recovery of the Post-Petition Transactions under §§ 549, 551 and 550 of the Bankruptcy Code must be dismissed because (1) Plaintiff's claim for avoidance under § 549 is time barred pursuant to § 549(d); and (2) any avoidance of the Post-Petition Transactions would be futile, as it would return Wells Fargo to its secured status as of the Petition Date, which would include the pre-petition arrears that were reallocated to the Junior Security Deed. In response, Plaintiff contends that the avoidance claim is not time barred because the allegations of the Complaint raise issues of equitable tolling. However, because the Court has already determined that Wells Fargo did not receive any property of the Debtor as a result of the Post-Petition Transactions, the Court finds that the Complaint fails to state a claim against Wells Fargo for avoidance, preservation or recovery of the Loan Modification Agreement. As a result, the Court does not need to address the issues of equitable tolling or futility.

Section 549 provides, in relevant part, that: "the trustee may avoid a transfer of property of the estate… that occurs after the commencement of the case; and … that is not authorized under this title or by the court." Thus, for Plaintiff to state a claim for avoidance under § 549, Plaintiff must show that Wells Fargo received property of the

estate after commencement of the bankruptcy case. However, as explained above, Wells Fargo did not receive any property of the Debtor as a result of the Post-Petition Transactions.[11] Instead, Wells Fargo received only an executed Loan Modification agreement which did not convey any property as collateral for any obligation. Further, because the Complaint does not allege that Wells Fargo received any consideration from the Debtor as a result of the Loan Modification Agreement, the Court finds that the Complaint fails to allege that Wells Fargo received a "transfer of property of the estate" "after the commencement of the [Debtor's bankruptcy] case." Accordingly, the Court finds that Plaintiff's claims against Wells Fargo for avoidance, preservation and recovery of the Post-Petition Transactions should be dismissed.[12]

V.   Conclusion

In sum, the Court finds that, although Plaintiff is not an individual for purposes of § 362(k), he may, nonetheless, seek damages for Wells Fargo's alleged willful stay violation as sanctions under § 105(a). The Court further finds that the Complaint

---

[11] While the Junior Security Deed would constitute a "transfer of property of the estate" "after commencement of the [bankruptcy] case," Wells Fargo was not a party to this transaction (as it was an instrument between the Debtor and HUD) and therefore did not receive any property of the estate as a result of the Debtor executing the Junior Security Deed. *See* Complaint at ¶ 29 (stating that the Junior Security Deed was granted "in favor of [] HUD.").

[12]. Section 550 provides, in relevant part, that "to the extent that a transfer is avoided under section… 549… the trustee may recover, for the benefit of the estate, the property transferred." Additionally, 11 U.S.C. § 551 provides, in relevant part, that "[a]ny transfer avoided under section… 549… is preserved for the benefit of the estate…." Accordingly, avoidance of a transfer is a prerequisite to any preservation or recovery of that transfer for the benefit of the estate. Because the Court finds that the Complaint fails to state a claim against Wells Fargo for avoidance of the Post-Petition Transactions, the claims against Wells Fargo for preservation and recovery under §§ 551 and 550 of the Bankruptcy Code must also be dismissed.

21

sufficiently alleges that Wells Fargo's alleged stay violation was a but-for cause of the damages Plaintiff seeks to recover. Thus, the Court concludes that Wells Fargo's request to dismiss Plaintiff's claim for damages for its alleged violation of the automatic stay should be denied. However, because the Court finds that the Complaint fails to allege any facts establishing that Wells Fargo received any property of the Debtor or any transfer of property of the estate after the Debtor filed her bankruptcy case, the Court concludes that Plaintiff's claim against Wells Fargo for violation of Georgia's RICO Statute, as well as Plaintiff's claims for avoidance, preservation, and recovery of the Post-Petition Transactions, should be dismissed. Accordingly, for the reasons stated herein,

IT IS HEREBY ORDERED that the *Motion to Dismiss Complaint and Memorandum of Law in Support* (Doc. 13) (the "Motion") filed by Wells Fargo Bank, N.A. ("Wells Fargo") is **GRANTED IN PART and DENIED IN PART**, as further stated herein**;**

IT IS FURTHER ORDERED that Plaintiff's claim against Wells Fargo for willful violation of the automatic stay will be considered by the Court as a claim for sanctions under § 105(a) without the need for the filing of an amended complaint;

IT IS FURTHER ORDERED that Plaintiff's claim against Wells Fargo for Violation of Georgia's RICO Statute will stand **DISMISSED** unless Plaintiff, within fourteen (14) days from the date of the entry of this Order, files a motion for leave to

22

amend the Complaint to plead facts to establish that Wells Fargo received property of the

Debtor as a result of the Post-Petition Transactions;

IT IS FURTHER ORDERED that Plaintiff's claims against Wells Fargo for

avoidance, recovery, and preservation of the Post-Petition Transactions under §§ 549, 550

and 551 shall stand **DISMISSED** unless, within fourteen (14) days from the date of entry

of this Order, Plaintiff files a motion for leave to amend the Complaint to plead facts to

establish that Wells Fargo received property of the estate as a result of the Post-Petition

Transactions.

**END OF DOCUMENT**

**Distribution List**

**Neil C. Gordon**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

**William D. Matthews**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

**Brian J. Levy**
Burr & Forman LLP
Suite 1100
171 Seventeenth Street, NW
Atlanta, GA 30363