

**IT IS ORDERED as set forth below:**

**Date: March 31, 2020**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| LATIRA SHAYONICA BANKS | : | BANKRUPTCY CASE |
| | : | 13-77274-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| NEIL C. GORDON, Chapter 7 Trustee for | : | ADVERSARY PROCEEDING |
| the Estate of Latira Shayonica Banks, | : | NO. 19-05172-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., and | : | IN PROCEEDINGS UNDER |
| UNITED STATES DEPARTMENT OF | : | CHAPTER 7 OF THE |
| HOUSING AND URBAN | : | BANKRUPTCY CODE |
| DEVELOPMENT, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

Before the Court is a _Partial Motion to Dismiss Complaint_ (Doc. 11) (the "Motion")

filed by the United States of America on behalf of the United States Department of Housing and Urban Development ("HUD"). The Motion arises in connection with a Complaint (Doc. 1) filed by Neil C. Gordon ("Plaintiff"), the Chapter 7 Trustee for the Estate of Latira Shayonica Banks for avoidance of a post-petition transfer and damages arising from a violation of the automatic stay. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 1334; 157(b)(2)(A).

I.    Procedural History

Plaintiff initiated this adversary proceeding against Wells Fargo Bank, N.A. ("Wells Fargo") and HUD by filing the Complaint on April 8, 2019. On May 28, 2019, HUD filed the Motion seeking partial dismissal of the Complaint. On July 25, 2019, Plaintiff filed a Response to the Motion (Doc. 19) (the "Response"). Then, on August 8, 2019, HUD filed a Reply to the Plaintiff's Response (Doc. 21) (the "Reply").

II.    Introduction and Background

Latria Shayonica Banks (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Doc. 1, Case No. 13-77274-LRC) on December 20, 2013 (the "Petition Date"). In her Bankruptcy Schedules, the Debtor listed a sole ownership interest in real property located at 456 Crested View Drive, Loganville, Georgia 30052 (the "Property"). The Debtor indicated that Wells Fargo held a first priority lien on the Property in the amount of $85,873. Additionally, through an amendment to her Schedules, the

2

Debtor claimed a homestead exemption in the Property of $13,727 pursuant to O.C.G.A. § 44-13-100(a)(1).

After the Petition Date, the Debtor and Wells Fargo entered into a Loan Modification Agreement (Security Deed) (the "Loan Modification"). This Loan Modification, dated December 23, 2013, was executed on January 26, 2014, but was not recorded until August 18, 2014. Through the Loan Modification, the Debtor's pre-petition arrears on the mortgage owed to Wells Fargo were made subject to a junior Security Deed of Trust (the "Junior Security Deed") in favor of HUD. This Junior Security Deed, also dated December 23, 2013, and executed on January 26, 2014, was recorded on June 3, 2014.

Based on his initial investigations, Plaintiff determined that the Property was worth $129,000. Further, an initial title report confirmed that Wells Fargo was the only lienholder on the Property, and the payoff statements from Wells Fargo indicated there was equity in the Property.[1] Accordingly, Plaintiff began efforts to sell the Property. This prompted a series of litigation between the Debtor and Plaintiff, which caused the bankruptcy estate to incur in excess of $30,000 in professional fees. After the resolution of this litigation with the Debtor, Plaintiff obtained an updated title report for the Property in April of 2018.

---

[1] Plaintiff alleges in the complaint that he was provided a payoff statement prior to the March 1, 2018 mortgage payment being due which reflected that the payoff of Wells Fargo's mortgage was $82,845.63. *See* Complaint, Doc. 1 at ¶ 25. This payoff amount did not include the pre-petition arrears that had been reallocated to the Junior Security Deed in favor of HUD.

Through this second title report, Plaintiff discovered the existence of the Loan Modification and Junior Security Deed (collectively referred to as the "Post-Petition Transactions"). After discovering the Post-Petition Transactions, Plaintiff realized that there was almost $15,000 less equity in the Property than he initially anticipated, due to Wells Fargo's pre-petition arrears being reallocated to HUD's junior note and deed. Had Wells Fargo disclosed its pre-petition arrears or the existence of the Post-Petition Transactions, Plaintiff would not have expended attorney's fees and other professional fees in an attempt to sell the Property.

Plaintiff contends that the execution and recordation of the Loan Modification Agreement and Junior Security Deed were violations of the automatic stay of 11 U.S.C. § 362(a).[2] Through the Complaint, Plaintiff alleges that these violations of the automatic stay caused the bankruptcy estate to incur the $30,000 in professional fees. Accordingly, the Complaint seeks recovery of actual damages and punitive damages pursuant to 11 U.S.C. § 362(k).[3] The Complaint also seeks avoidance of the Post-Petition Transactions pursuant to § 549, recovery of the Post-Petition Transactions pursuant to § 550, and preservation of the avoided Post-Petition Transactions pursuant to § 551.

_____

[2] The Complaint also contends that the Post-Petition Transactions constitute violations of O.C.G.A. § 16-14-4(a) ("Georgia's RICO Statute"). However, the Complaint only asserts the claim for violation of Georgia's RICO Statute against Wells Fargo because "HUD is immune from a civil RICO suit." *See* Complaint at ¶ 61 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *McLean v. Obama*, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015)).

[3] All further references to § are to the Bankruptcy Code, title 11 of the United States Code unless otherwise noted.

Through the Motion, HUD seeks dismissal of Plaintiff's claim for violation of the automatic stay because it contends Plaintiff is not an "individual" entitled to recover damages under § 362(k). Alternatively, if Plaintiff's claim for violation of the automatic stay is not dismissed, HUD contends that Plaintiff's request for punitive damages against HUD is precluded by sovereign immunity and the application of § 106(a)(3), and, therefore, must be dismissed. HUD also seeks dismissal of Plaintiff's claim for avoidance, preservation, and recovery of the Post-Petition Transactions because Plaintiff's claim for avoidance under § 549 is time-barred pursuant to § 549(d).

III.    Motion to Dismiss Standard

HUD seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v.* Twombly, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v.* White, 321 F.3d 1334,

1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l* Ass's, 225 F.3d 1228, 1231 (11th

Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n. 1 (11th Cir. 1999).

IV.    <u>Discussion</u>

A. <u>Plaintiff's Claim for Violation of the Automatic Stay</u>

HUD contends that Plaintiff's claim for damages under § 362(k) must be dismissed

because Plaintiff is not an "individual." Section 362(k) states that: "an individual injured

by any willful violation of a stay provided by this section shall recover actual damages,

including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive

damages." While the term "individual" is not defined in the Bankruptcy Code, many courts

have held that § 362(k) remedies are not available to Chapter 7 trustees in their capacities

as trustees of a debtor's bankruptcy estate. *See Gordon v. Taylor (In re Taylor)*, 430 B.R.

305, 314-15 (Bankr. N.D. Ga. 2010) ("In addition to [the Chapter 7] Trustee's lack of

injury, recovery under § 362(h) [which is now located in § 362(k)] is limited to

individuals… [w]hile a trustee can be an 'individual' if the trustee is a natural person (as

opposed to, e.g., a corporate entity), the individual's status as trustee precludes any finding

that the trustee suffered any damages as an individual, because any harm suffered in the

form of costs and attorney's fees is actually incurred by a thing, viz., the bankruptcy estate,

and not by the trustee as a natural person." (quoting *Havelock v. Taxel (In re Pace)*, 67 F.3d

187, 192 (9th Cir. 1995)); *Gordon v. White (In re Morgenstern)*, 542 B.R. 650, 659 (Bankr.

D.N.H. 2015) ("The Court agrees with the cases that apply the more narrow definition of individual, because a trustee represents the bankruptcy estate, not herself as an individual. Accordingly, the Court finds that the Trustee may not seek relief under § 362(k)."). Additionally, the Eleventh Circuit Court of Appeals, in agreeing with the narrow interpretation of the term "individual," has held that a corporate debtor "is not an 'individual' entitled to relief under 11 U.S.C. § 362(h) [now § 362(k)]." *Jove Eng'g Inc. v. IRS*, 92 F.3d 1539, 2560 (11th Cir. 1996).

In response, Plaintiff contends that he is entitled to recover damages for violations of the automatic stay under § 105(a), which states, in relevant part, that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." In support of this argument, Plaintiff cites cases which have held that the court may award a Chapter 7 trustee damages for violations of the automatic stay as sanctions pursuant to § 105(a). *See In re Taylor*, 430 B.R. at 316 ("Courts have found that otherwise ineligible parties under § 362(h) [now § 362(k)] may recover sanctions under § 105. If the automatic stay provision is violated, courts may award damages under the separate statutory contempt power of § 105." (citing *Havelock*, 67 F.3d at 193)). HUD, in its Reply, contends that the United States Supreme Court case of *Law v. Siegel*, 571 U.S. 415 (2014), precludes the use of § 105(a) to award damages to a non-individual for violations of the automatic stay.

7

In *Law*, the Supreme Court held that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" and that a bankruptcy court "may not contravene specific statutory provisions" when exercising its statutory authority under § 105(a) or its inherent powers. *Law*, 571 U.S. at 421. In that case, a Chapter 7 debtor had fraudulently represented on his bankruptcy schedules that there was a lien on his property, which left no equity available for creditors. *Id.* at 419. This resulted in the Chapter 7 Trustee expending over $500,000 in attorney's fees to overcome the debtor's fraudulent misrepresentations. *Id.* at 420. Therefore, the bankruptcy court granted the Chapter 7 trustee's motion to surcharge the Debtor's $75,000 homestead exemption and make those funds available for the payment of the attorney's fees incurred on behalf of the estate. *Id.* However, the Supreme Court held that, in granting the surcharge motion, the bankruptcy court "contravened a specific provision of the [Bankruptcy] Code" because § 522(k) provides that exempt property "is not liable for payment of any administrative expense" except for specific exceptions listed in the statute, which were not applicable in that case. *Id.* at 422.

Here, HUD contends that the Supreme Court's holding in *Law* prohibits Plaintiff from seeking damages for violations of the automatic stay under § 105(a) because § 362(k) states that only an "individual injured by any willful violation of a stay" may recover damages. Thus, HUD contends that an award of damages for a violation of the automatic

stay under § 105(a) to a non-individual would "contravene" § 362(k) of the Bankruptcy Code.

At least one bankruptcy court directly facing this issue has concluded that the Supreme Court's holding in *Law* does not prohibit an award of damages to a Chapter 7 trustee under § 105(a) for willful violations of the automatic stay. *In re Arthur B. Adler and Associates, Ltd.*, 588 B.R. 864, 873-74 (Bankr. N.D. Ill. 2018) (concluding that *Law* "did not strip bankruptcy courts of their authority pursuant to 11 U.S.C. § 105(a)" but "merely requires a bankruptcy court to be mindful of the remedies it crafts to avoid contravening the Bankruptcy Code"). Additionally, numerous cases decided after *Law*, including a case from this district,[4] have held that non-individuals may recover damages for violations of the automatic stay under § 105(a). *See Unlimited Homes, Inc. v. Bank of New York Mellon (In re Unlimited Homes, Inc.)*, 2018 WL 1054095, at *3 (Bankr. N.D. Ga. Feb. 23, 2018) (Hagenau, C.J.) ("[A]ccording to well established Eleventh Circuit precedent, [p]laintiff cannot seek damages under [§] 362(k) since [p]laintiff is not an individual. Accordingly, the complaint will be dismissed to the extent it seeks monetary damages arising from alleged violations of the automatic stay under [§] 362(k). Plaintiff's claim for damages can,

---

[4] HUD cites an earlier case from this district which, after noting the Supreme Court's holding in *Law*, stated that "[s]ince [§] 362(k) makes clear that only injured individuals may pursue damages, allowing another entity to pursue damages for a stay violation effectively circumvents the limitation of [§] 362(k)." *Gebhardt v. McKeever (In re McKeever)*, 550 B.R. 623, 643 (Bankr. N.D. Ga. 2016) (Hagenau, C.J.). However, this language is dictum since *McKeever* ultimately concluded that "the estate [was] not the party injured by the Debtor's stay violation" and, thus, the Chapter 7 trustee in that case was not entitled to recover damages for the debtor's stay violation.

however, survive under [§] 105(a)." (citing *Jove*, 92 F.3d at 1554)); *In re Morgenstern*, 542

B.R. at 659 ("The Court's finding that the [t]rustee may not avail herself of § 362(k) does

not affect the Court's decision in a practical way. The Court may sanction [the defendant]

for violating the automatic stay under § 105."); *Barnard v. Town of Huntington (In re Joe's*

*Friendly Serv. & Son, Inc.)*, 553 B.R. 207, 216 (Bankr. E.D.N.Y. 2016) ("Section 362(k)

applies solely to individuals, and does not extend to entities like the [d]ebtors, which are a

limited partnership and a corporation. For debtors other than individuals, their rights can

be redressed through contempt proceedings or similar proceedings under § 105(a),

Bankruptcy Rule 9020 and the Court's inherent authority to redress violations of the

automatic stay." (citations omitted)); *In re Nicole Gas Production, Ltd.*, 519 B.R. 723, 737

(Bankr. S.D. Ohio 2014) ("Under § 105(a), the Court has the authority to use its civil

contempt powers to compensate trustees for damages incurred as a result of violations of

the automatic stay."); *Johnson v. Edwards Family Partnership, LP* (*In re Cmty. Home Fin.*

*Servs., Inc.)*, 583 B.R. 1, 113 (Bankr. S.D. Miss. 2018) ("Even assuming that only natural

persons in their individual capacities have standing under § 362(k), this Court and others

have awarded damages to trustees and corporate debtors for stay violations under §

105(a)."); *Wiscovitch-Rentas v. Liberty Mut. Ins. Co.* (*In re Fiddler Gonzalez & Rodriguez,*

*P.S.C.)*, 415 F. Supp. 3d. 297, 302 (D.P.R. 2019) ("The [t]rustee's exclusion from [§]

362(k) does not end the matter, however, since the Court may independently punish

violations of the automatic stay under [§] 105."); *Farrar v. Lee (In re Gold Strike Heights Homeowners Ass'n)*, 2017 WL 1457940, at *2 (B.A.P. 9th Cir. Apr. 24, 2017) ("Chapter 7 trustees, as representatives of bankruptcy estates, however, are excluded from § 362(k). Instead, they must rely on 'the civil contempt remedy provided by § 105(a)." (citations omitted)).

Accordingly, the Court does not agree with HUD's contention that *Law* precludes an award of damages to Plaintiff for violations of the automatic stay under § 105(a). *Law's* direct holding is that a bankruptcy court cannot use § 105(a) to "contravene specific statutory provisions" of the Bankruptcy Code—that is, a bankruptcy court cannot "take[] [an] action that the [Bankruptcy] Code prohibits." *Law* 571 U.S. at 421. In that case, the Supreme Court found that a bankruptcy court's order surcharging a debtor's homestead exemptions to pay for professional fees incurred by the bankruptcy estate "contravened" the Bankruptcy Code because § 522(k) provides that exempt property "is not liable for payment of any administrative expense."[5] *Id.* at 422. Here, § 362(k) provides that "an individual injured by any willful violation of the automatic stay… shall recover actual damages" and this Court has held that a Chapter 7 trustee is not an "individual" for purposes of this statute. *In re Taylor*, 430 B.R. at 315 (noting the Eleventh Circuit's narrow

---

[5] Section 522(k) does provide specific exceptions to this general rule that exempt property is not liable for administrative expenses, but those exceptions were not applicable in *Law*. *See* 11 U.S.C. § 522(k); *Law*, 571 U.S. at 422.

interpretation of the term "individual" in *Jove*, 92 F.3d at 1551). However, there is no provision in the Bankruptcy Code which "prohibits" an award of damages to non-individuals for violations of the automatic stay. Accordingly, the Court concludes that the holding in *Law* does not prohibit an award of damages to Plaintiff for willful violations of the automatic stay.

Moreover, the Eleventh Circuit Court of Appeals has held that bankruptcy courts may award monetary damages for violations of the automatic stay to non-individuals under § 105(a). *See Jove*, 92 F.3d. at 1554 ("[W]e conclude [that] § 105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such awards are 'necessary or appropriate' to carry out the provisions of the Bankruptcy Code." "[T]he plain meaning of § 105(a) encompasses *any* type of order, whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code. We must construe § 105(a) by this plain meaning unless such construction presents 'the rare case [] in which literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters.'" (emphasis in original) (citations omitted)). While it is possible that *Law* may call into question the Eleventh Circuit's holding in *Jove*, "absent further direction from the Supreme Court or the Eleventh Circuit, the [C]ourt will" continue to permit an award of damages to non-individuals under § 105(a) where "necessary or appropriate" pursuant to

12

*Jove* which is still "current Eleventh Circuit law." *Schlotter v. Walsh*, 2005 WL 1051183, *2 (M.D. Fla. 2005) (noting that *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) "calls into question the validity of imposing a heightened pleading standard in any § 1983 case," but continuing to "apply the heightened standard where appropriate under current Eleventh Circuit law" "absent further direction from the Supreme Court or the Eleventh Circuit.")

Therefore, while Plaintiff is not an "individual" for purposes of § 362(k), *see In re Taylor*, 430 B.R. at 315, Plaintiff may, nonetheless, seek recovery of damages for violations of the automatic stay pursuant to the Court's statutory contempt powers under § 105(a). *See Jove*, 92 F.3d. at 1554.

Alternatively, HUD seeks dismissal of Plaintiff's claims for punitive damages because it contends that an award of punitive damages against the United States, or its agencies, is precluded by sovereign immunity and the application of § 106(a)(3). In his Response, Plaintiff does not address this argument. Additionally, the Complaint does not allege that HUD has waived its sovereign immunity. Section 106(a)(1) provides, in relevant part, that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to… Section[] 105…" However, § 106(a)(3) further provides, in relevant part, that:

The court may issue against a governmental unit an order, process, or

13

> judgment… including an order or judgment awarding a money recovery, but
> *not including an award of punitive damages.*

(emphasis added). Accordingly, the Court finds that Plaintiff's claim against HUD for punitive damages arising from its alleged violation of the automatic stay must be dismissed. *See Jove*, 92 F.3d at 1555 ("By its plain meaning, § 106(a) unequivocally waives sovereign immunity for court-ordered monetary damages under § 105, although such damages *must not be punitive.*" (emphasis added) (citing to § 106(a)(3)).

For these reasons, the Court finds that HUD's request to dismiss Plaintiff's claim for actual damages arising from HUD's alleged violation of the automatic stay should be denied. While Plaintiff is not an "individual" for purposes of § 362(k), he may nonetheless recover damages for willful violations of the automatic stay under § 105(a). Therefore, the Court will consider Plaintiff's claim against HUD for its alleged willful violation of the automatic stay as a claim for sanctions pursuant to § 105(a). However, Plaintiff's claim for punitive damages against HUD for its alleged violation of the automatic stay must be dismissed pursuant to § 106(a)(3).

### B. Plaintiff's Claim for Avoidance of the Post-Petition Transactions

HUD contends that Plaintiff's claims for avoidance, preservation, and recovery of the Post-Petition Transactions under §§ 549, 551, and 550 must be dismissed because

Plaintiff's claim for avoidance under § 549 is time barred pursuant to § 549(d).[6] Section

549(d) provides that "[a]n action or proceeding under this section may not be commenced

after the earlier of—(1) two years after the date of the transfer sought to be avoided; or (2)

the time the case is closed or dismissed." Accordingly, because the Complaint alleges that

the Post-Petition Transactions occurred in 2013 and 2014, and because the Complaint was

not filed until April 8, 2019, HUD contends that Plaintiff's avoidance claim under § 549 of

the Bankruptcy Code is time barred. In his Response, Plaintiff contends that the avoidance

claim is not time barred because the allegations of the Complaint raise issues of equitable

tolling.  However, in its Reply, HUD contends that the allegations made in the Complaint

are insufficient to establish any concealment or fraud by HUD that would justify equitable

tolling.

"The common law doctrine of equitable tolling is 'read into every federal statute of

limitation' including the statute of limitation found in 11 U.S.C. § 549(d)." *Slone v.

Anderson (In re Anderson)*, 511 B.R. 481, 498 (Bankr. S.D. Ohio 2013) (citations omitted).

To invoke the doctrine, "the following elements are required to be proved by the party

seeking the equitable tolling: (1) [a] wrongful concealment by the defending party; (2)

[f]ailure of a party to discover the operative facts within the limitation period; [and] (3)

---

[6] HUD contends that because Plaintiff's recovery and preservation claims under §§ 550 and 551 "hinge on [Plaintiff's] success with respect to" the avoidance claim under § 549, these claims must also be dismissed.

[t]he party's due diligence to discover the facts." *Rathbone v. Lake (In re Consolidated Partners Inv. Co.)*, 156 B.R. 982, 984 (Bankr. N.D. Ohio 1993) (citing *Chrysler Workers Assn. v. Chrysler Corp.*, 663 F. Supp. 1134, 1151 (N.D. Ohio 1986)).

Here, through the Complaint, Plaintiff alleges that the Junior Security Deed granted in favor of HUD was executed and recorded post-petition without court approval. *See* Complaint at ¶ 29. Further, Plaintiff alleges that HUD "secretly entered into and recorded the [Junior Security] Deed." *See id.* at 30. Additionally, Plaintiff alleges that he conducted an initial title report on the Property, which did not reveal the existence of the Junior Security Deed because it was not recorded until June 3, 2014. *See id.* at 17, 31. Finally, Plaintiff alleges that he did not become aware of the Junior Security Deed until he obtained an updated title report on the Property in April of 2018. *See id.* at 27.

Accordingly, Plaintiff has alleged sufficient facts to show (1) due diligence to discover the facts—as Plaintiff conducted an initial title report on the Property; (2) lack of actual knowledge of the operative facts within the limitation period—as Plaintiff did not learn of the Junior Security Deed until April of 2018; and (3) wrongful concealment by HUD—as the Junior Security Deed was: (a) obtained post-petition without court approval; (b) not recorded until nearly six months after it was executed; and (c) entered into and recorded "secretly." While Plaintiff may be unable to show any wrongful concealment at trial, the Court finds that the Complaint alleges sufficient facts to justify the application of

16

equitable tolling. Moreover, because the "applicability of equitable tolling is a fact based decision," *see In re Anderson*, 511 B.R. at 498, such a determination may be more appropriately addressed through summary judgment or at trial rather than on a motion to dismiss, *see Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Beverages, Inc.)*, 238 B.R. 558, 577 (Bankr. S.D.N.Y. 1999) (declining to determine if equitable tolling applied because "[t]hese issues can only be analyzed after a thorough factual inquiry and are, therefore, not properly addressed on a motion to dismiss").

For these reasons, the Court finds that Plaintiff has alleged sufficient facts, if proven at trial, to warrant equitable tolling of the 2-year limitation period provided by § 549(d). Accordingly, the Court finds that HUD's request to dismiss Plaintiff's claims for avoidance, preservation, and recovery under §§ 549, 550, and 551 should be denied.

V.    Conclusion

In sum, the Court finds that, although Plaintiff is not an individual for purposes of § 362(k), he may, nonetheless, seek damages for HUD's alleged willful stay violation as sanctions under § 105(a). However, pursuant to § 106(a)(3), Plaintiff is precluded from seeking punitive damages against HUD. Thus, the Court concludes that HUD's request to dismiss Plaintiff's claim for damages arising from its alleged violation of the automatic stay should be denied, but that HUD's request to dismiss Plaintiff's claim against it for punitive damages should be granted. The Court further finds that, through the Complaint,

17

Plaintiff has alleged sufficient facts to warrant equitable tolling of the 2-year limitation period provided by § 549(d). Therefore, the Court finds that HUD's request to dismiss Plaintiff's claims for avoidance, preservation, and recovery under §§ 549, 550, and 551 should be denied. Accordingly, for the reasons stated herein,

IT IS HEREBY ORDERED that the *Partial Motion to Dismiss Complaint* (Doc. 11) (the "Motion") filed by the United States of America on behalf of the United States Department of Housing and Urban Development ("HUD") is **GRANTED IN PART and DENIED IN PART**, as further stated herein;

IT IS FURTHER ORDERED that Plaintiff's claim against HUD for willful violation of the automatic stay will be considered by the Court as a claim for sanctions under § 105(a) without the need for the filing of an amended complaint;

IT IS FURTHER ORDERED that Plaintiff's claim against HUD for punitive damages is **DISMISSED**;

IT IS FURTHER ORDERED that HUD's request to dismiss Plaintiff's claims for avoidance, preservation, and recovery under §§ 549, 550, and 551 is **DENIED.**

**END OF DOCUMENT**

**Distribution List**

**Neil C. Gordon**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

**Andres H. Sandoval**
United States Attorney's Office
Suite 600
75 Ted Turner Drive SW
Atlanta, GA 30303